The document below is hereby signed.

Signed: August 11, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Adversary Proceeding No. |
| | ) | 10-10001 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOMES AT POTOMAC GREENS | ) | |
| ASSOCIATES, LIMITED | ) | |
| PARTNERSHIP, *et al.*, | ) | |
| | ) | Not for publication in |
| Defendants. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING IN PART AND
GRANTING IN PART MOTION TO RECONSIDER RE: WELLS FARGO

The plaintiff Yelverton's amended complaint included as a

defendant Wells Fargo Bank which held a second mortgage on

Yelverton's townhouse located at 1804 Potomac Greens Drive,

Alexandria, Virginia.  Yelverton claimed that Wells Fargo and

others had failed to perform an adequate inspection of the

property before Yelverton took out the mortgage loans to purchase

the townhouse (which he later learned had substandard noise level

abatement in place to address noise from nearby rail traffic).

Yelverton sought (1) to void a foreclosure sale by the first

mortgagee, and to void Wells Fargo's second mortgage; (2) to

recover from Wells Fargo as damages the $152,300 amount of the

second mortgage loan made by Wells Fargo; (3) to discharge Wells

Fargo's deficiency claim; and (4) to void and recover pre-

petition mortgage payments that had been made to Wells Fargo.

Thereafter, all the co-defendants, except Wells Fargo, filed in

response to the complaint.

The court entered orders granting the various co-defendants'

motions to dismiss and motions for summary judgment.  Thinking

that all claims had been dismissed, the court entered a judgment

dismissing the adversary proceeding as to all defendants,

including Wells Fargo.

On May 2, 2010, Yelverton timely filed a motion under Fed.

R. Civ. P. 59 to reconsider the judgment of dismissal with

regards to Wells Fargo on the basis that Wells Fargo had failed

to both submit a proof of claim in the main case underlying this

adversary proceeding and had failed to file an answer to the

complaint.  Yelverton asked the court "to DECLARE that, as a

result of no Proof of Claim being filed as to the second

mortgage, the debtor owes no deficiency or any amount to Wells

Fargo, or its assignees, under this mortgage and any related

claims, or in the Alternative that such Dismissal is without

Prejudice to Wells Fargo."  For the reasons that follow I will grant in part and deny in part Yelverton's motion.

First, with regards to Yelverton's first request (that he owes no deficiency), I will deny the motion.  As stated above, the first basis for this relief is that Wells Fargo has filed no proof of claim in his chapter 11 bankruptcy.  Wells Fargo, however, was not required to file a proof of claim.  Under Federal Rule of Bankruptcy Procedure 3002(a), "An unsecured creditor . . . must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005."  Under Rule 3003(c)(2), though, the only creditors in a chapter 11 case that must file proofs of claim are creditors "whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated."  Here, Yelverton scheduled Wells Fargo's claim without indicating that the claim was disputed, contingent, or unliquidated. Accordingly, Wells Fargo was not required to file a proof of claim in the first instance.

Moreover, because it did not receive sufficient service of process, Wells Fargo's failure to answer the complaint in this adversary proceeding is likewise an insufficient basis for declaring the debtor owes no deficiency.  Under Rule 7004, service of process in an adversary proceeding may be made upon a corporation by mail; provided, however, that a copy of the

summons and complaint are mailed "to the attention of an officer,

managing or general agent, or to any other agent authorized by

appointment or by law to receive service of process and, if the

agent is one authorized by statute to receive service and the

statute so requires, by also mailing a copy to the defendant."

Here, Yelverton mailed the summons and complaint to a Wells Fargo

P.O. Box without directing it to the attention of an officer of

the bank.  Consequently, service was not effective.

     Second, with regards to Yelverton's alternative basis for

relief (that the dismissal be without prejudice), I will grant

the motion.  As I stated above, Wells Fargo has yet to file in

response to Yelverton's complaint.  Wells Fargo is similarly

situated to Chase, which held the first mortgage on the property

and against whom Yelverton asserted claims which for all

practical purposes appear to have been identical to those

asserted against Wells Fargo.  The court's reasoning in

dismissing the claims against Chase would likely have furnished a

basis for denying Yelverton relief against Wells Fargo if

Yelverton had made proper service on Wells Fargo and had sought a

default judgment against it.  But the court never ordered

Yelverton to show cause why the claims against Wells Fargo ought

not be dismissed with prejudice, and  Yelverton has been free to

dismiss the complaint without prejudice as to Wells Fargo in

light of its never having answered or filed a motion for summary

4

judgment.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Thus, I will grant

Yelverton's motion to the extent he requests that the dismissal

as to Wells Fargo be made without prejudice.  Accordingly, it is

ORDERED that Yelverton's Motion to Reconsider RE: Wells

Fargo is DENIED to the extent that it requests the court to find

that Yelverton owes no deficiency on the mortgage to Wells Fargo

and GRANTED to the extent that it requests that the court's April

22, 2010, Judgment be amended to make the dismissal as to Wells

Fargo be without prejudice.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States
Trustee.

O:\TERRI\Garrett\Decisions\YelvertonreconsiderWF. v2wpd.wpd